## No. 26-11284

# In the United States Court of Appeals for the Eleventh Circuit

HEALTHY GULF, HABITAT RECOVERY PROJECT, CENTER FOR BIOLOGICAL DIVERSITY, SIERRA CLUB, and TURTLE ISLAND RESTORATION NETWORK,

PETITIONERS,

V.

U.S. DEPARTMENT OF THE INTERIOR, DOUG BURGUM, BUREAU OF OCEAN ENERGY MANAGEMENT, and MATTHEW GIACONA,

RESPONDENTS.

On Petition for Review of Final Agency Action of the
Bureau of Ocean Energy Management

## UNOPPOSED MOTION FOR LEAVE TO INTERVENE BY BP EXPLORATION & PRODUCTION INC.

A. Katrine Jakola
Kristopher S. Ritter
KIRKLAND & ELLIS LLP
333 W. Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000

George W. Hicks, Jr.
 *Counsel of Record*
Aaron L. Nielson
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
(214) 972-1770
george.hicks@kirkland.com

*Counsel for BP Exploration & Production Inc.*

April 30, 2026

No. 26-11284, *Healthy Gulf et al. v. U.S. Department of the Interior et al.*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

In compliance with 11th Circuit Rule 26.1-1, the undersigned certifies that the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular case or appeal, and includes subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

1. BP Exploration & Production Inc. (Proposed Intervenor)

2. BP p.l.c. (Parent of Proposed Intervenor)

3. Bureau of Ocean Energy Management (Respondent)

4. Burgum, Doug (Secretary of the Interior, Respondent)

5. Center for Biological Diversity, Inc. (Petitioner)

6. Ellis, Angela (Counsel for Respondents)

7. Earthjustice (Counsel for Petitioners)

8. Giacona, Matthew (Director of Bureau of Ocean Energy Management, Respondent)

C-1 of 2

No. 26-11284, *Healthy Gulf et al. v. U.S. Department of the Interior et al.*

9.  Habitat Recovery Project (Petitioner)

10.  Hardy, Brettny (Counsel for Petitioners)

11.  Healthy Gulf (Petitioner)

12.  Hicks, Jr., George W. (Counsel for Proposed Intervenor)

13.  Jakola, A. Katrine (Counsel for Proposed Intervenor)

14.  Kirkland & Ellis LLP (Counsel for Proposed Intervenor)

15.  Nielson, Aaron L. (Counsel for Proposed Intervenor)

16.  Ritter, Kristopher S. (Counsel for Proposed Intervenor)

17.  Roy, Rumela (Counsel for Petitioners)

18.  Sierra Club (Petitioner)

19.  Turtle Island Restoration Network (Petitioner)

20.  United States Department of Interior (Respondent)


/s/ *George W. Hicks, Jr.*
Attorney for Proposed Intervenors

C-2 of 2

**INTRODUCTION**

Pursuant to 28 U.S.C. §2348, Federal Rule of Appellate Procedure 15(d), and this Court's Rule 15-4, BP Exploration & Production Inc. ("bp") respectfully moves for leave to intervene as a respondent in this case. This motion is timely filed within 30 days of the petition for review. Fed. R. App. P. 15(d); 11th Cir. R. 15-4. Counsel for bp has conferred with Petitioners' and Respondents' counsel, who have stated that they do not oppose bp's request.

The petition for review in this case challenges the approval by the Bureau of Ocean Energy Management ("BOEM") of bp's development operations coordination document ("DOCD") regarding the Kaskida oil and gas development in the Gulf of America. BOEM's approval of the DOCD will allow bp to proceed with the Kaskida development, including drilling wells and engaging in other construction activities related to production. Petitioners assert that BOEM's approval "is arbitrary, capricious, and not in accordance with law." Dkt. 1-2 at 2. Because bp was a party in interest during the agency proceedings, its interests are directly affected by this agency review litigation, and its interests cannot be adequately represented by any other party, bp seeks leave to intervene.

## BACKGROUND

BP has been engaged in the exploration, development, and production of oil and gas resources in the Gulf of America for over sixty years. It currently holds interests in numerous federal oil and gas leases in the Gulf. The Kaskida project, located in the Keathley Canyon area 250 miles southwest of New Orleans, Louisiana, is bp's sixth hub in the region. The project will feature a new floating production platform with the capacity to produce 80,000 barrels of crude oil per day from six wells in the first phase. Production is expected to start as early as 2029.

BP began exploratory drilling in the region containing the Kaskida project some twenty years ago. In 2024, after years of planning and study, bp announced its final investment decision to proceed with Kaskida. BP has already invested millions of dollars in developing the project. Throughout its lifespan, Kaskida is expected to generate thousands of American jobs.

BP initially submitted the DOCD to BOEM on February 14, 2025. The DOCD provides bp's development and production plan for Kaskida, including proposed safety and pollution prevention measures. BP submitted a revised DOCD on September 12, 2025. BOEM approved the revised DOCD on March 13, 2026. The approval allows bp to proceed with

2

project construction, including drilling wells, installing the new floating production unit, and building associated infrastructure, ultimately resulting in the production of more secure, affordable, and reliable energy.

On April 20, 2026, Petitioners filed a petition for review of BOEM's approval of the DOCD.  The petition does not cite any statutory provisions but asserts that BOEM's approval "is arbitrary, capricious, and not in accordance with law."  Dkt. 1-2 at 2.

## ARGUMENT

Federal law provides that "any party in interest in the proceeding before the agency whose interests will be affected if an order of the agency is or is not enjoined, set aside, or suspended, may appear as parties thereto of their own motion and as of right … in any proceeding to review the order."  28 U.S.C. §2348.  Separately, "corporations, firms, and individuals" whose "interests are affected by the order of the agency, may intervene in any proceeding to review the order."  *Id.*; *see also Alabama Power Co. v. F.C.C.*, 311 F.3d 1357, 1366 (11th Cir. 2002) (explaining that, "[u]nder 28 U.S.C. §2348, only parties to the agency proceeding can intervene as of right, while intervention by a nonparty is discretionary").  Federal Rule of Appellate Procedure 15(d) provides that a "person who wants to intervene in a

3

proceeding" challenging agency action "must file a motion for leave to intervene … within 30 days after the petition for review is filed."  Fed. R. App. P. 15(d).

BP readily qualifies as "a[] party in interest in the proceeding before the agency whose interests will be affected if an order of the agency is or is not enjoined, set aside, or suspended," thereby warranting intervention "as of right" in this "proceeding to review the order."  28 U.S.C. §2348; *Alabama Power*, 311 F.3d at 1366.  Under the Outer Continental Shelf Lands Act ("OCSLA"), oil and gas lessees seeking to conduct development and production activities in the Western Gulf of America must submit and obtain BOEM approval of a DOCD, and judicial review of BOEM's approval of exploration or development and production plans is available in an appropriate court of appeals.  43 U.S.C. §1349(c)(2);  30 C.F.R. § 550.201(a). The order challenged here is BOEM's approval of the DOCD governing bp's Kaskida development.  BP submitted its DOCD to BOEM and was intimately involved with the administrative proceedings below.  *See, e.g.*, Dkt. 1-3 (approval letter to bp).  BOEM's approval allows bp to proceed with project construction, including drilling wells, installing the new floating production unit, and building associated infrastructure.  Invalidation or delay of

4

BOEM's approval would jeopardize bp's investments in Kaskida to date and impose significant costs on bp.  Because bp was a "party in interest in the proceeding" before BOEM, and its  interests are unquestionably affected if BOEM's approval "is or is not enjoined, set aside, or suspended," bp "may appear as" a "part[y] … of [its] own motion and as of right."  28 U.S.C. §2348.

Although bp satisfies the requirements for intervention "as of right," *id.*, these same interests justify bp's "discretionary" intervention as well. *Alabama Power*, 311 F.3d at 1366; *see also* 28 U.S.C. §2348 (stating that a corporation "whose interests are affected by the order of the agency, may intervene" in agency review proceeding); *United Gas Pipe Line Co. v. FERC*, 824 F.2d 417, 437 (5th Cir. 1987) (allowing intervention in administrative challenge if movant "has an interest in the outcome" (quoting *Illinois Bell Tel. Co. v. FCC*, 740 F.2d 465, 477 (7th Cir. 1984)).  Moreover, bp's substantial interests are not adequately represented by BOEM and the other federal government respondents because, as government actors, the federal respondents must balance a broader range of political interests and constituents.  *See Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 196 (2022) (intervenor and government interests not identical because the government "also ha[s] to bear in mind broader public-policy implications"

(citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538-39 (1972))). Should the federal respondents face pressure to support a politically expedient response to Petitioners' challenge to BOEM's approval, the federal respondents' interests and bp's interests are "likely to diverge," further justifying bp's permissive intervention. *Meek v. Metro. Dade Cnty., Fla.*, 985 F.2d 1471, 1478 (11th Cir. 1993), *abrogated on other grounds by Dillard v. Chilton Cty. Comm'n*, 495 F.3d 1324 (11th Cir. 2007).

Finally, courts of appeals, including this Court, have uniformly granted intervention by energy companies seeking to defend approvals of their DOCDs, development and production plans, or exploration plans when challenged on judicial review. *See Defenders of Wildlife v. Bur. of Ocean Energy Mgmt.*, 684 F.3d 1242 (11th Cir. 2012) (intervention by Shell, granted at Dkt. 35); *see also, e.g.*, *Center for Biological Diversity v. Bernhardt*, 982 F.3d 723 (9th Cir. 2020) (intervention by Hilcorp); *Gulf Restoration Network v. Salazar*, 683 F.3d 158 (5th Cir. 2012) (intervention by Chevron); *Native Village of Point Hope v. Salazar*, 680 F.3d 1123 (9th Cir. 2012) (intervention by Shell); *Alaska Wilderness League v. Kempthorne*, 548 F.3d 815 (9th Cir. 2008) (intervention by Shell). The Court should do the same here.

6

## CONCLUSION

For the foregoing reasons, the Court should grant bp's unopposed motion for leave to intervene as a respondent.

April 30, 2026

A. Katrine Jakola
Kristopher S. Ritter
KIRKLAND & ELLIS LLP
333 W. Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000

Respectfully submitted,

s/ *George W. Hicks, Jr.*

George W. Hicks, Jr.
　*Counsel of Record*
Aaron L. Nielson
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
(214) 972-1770
george.hicks@kirkland.com

*Counsel for BP Exploration & Production Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing motion contains 1,260 words and thus complies with Federal Rule of Appellate Procedure 27(d)(2)(A). The motion also complies with the typeface and style requirements of Federal Rule of Appellate Procedure 32(a)(5) & 32(a)(6) because it has been prepared in a proportionally spaced, roman style typeface of 14 points or more.

s/ *George W. Hicks, Jr.*
George W. Hicks, Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically on April 30, 2026, and will, therefore, be served electronically upon all counsel.

s/ *George W. Hicks, Jr.*
George W. Hicks, Jr.