No. 26-11284

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

HEALTHY GULF, HABITAT RECOVERY PROJECT, CENTER FOR
BIOLOGICAL DIVERSITY, SIERRA CLUB, and TURTLE ISLAND
RESTORATION NETWORK,
*Petitioners,*

*v.*

U.S. DEPARTMENT OF THE INTERIOR; DOUG BURGUM, in his
official capacity as Secretary of the Interior; BUREAU OF OCEAN
ENERGY MANAGEMENT, and MATTHEW GIACONA, in his official
capacity as Director of the Bureau of Ocean Energy Management,
*Respondents.*

---

**RESPONDENTS' RESPONSE TO JURISDICTIONAL QUESTION**

---

|  |  |
|---|---|
|  | ADAM R.F. GUSTAFSON |
|  | *Principal Deputy Assistant Attorney General* |
|  | ROBERT N. STANDER |
|  | *Deputy Assistant Attorney General* |
| Of Counsel: | CHRISTOPHER ANDERSON |
|  | ANGELA N. ELLIS |
| MELISSA A. HEARNE | Attorneys |
| SAMUEL D. SCHNARCH | Environment and Natural Resources Division |
|  | U.S. Department of Justice |
| Attorneys | Post Office Box 7415 |
| Division of Mineral Resources | Washington, D.C. 20044 |
| Office of the Solicitor | (202) 598-7942 |
| U.S. Dep't of the Interior | angela.ellis@usdoj.gov |

*Healthy Gulf et al v. U.S. Dep't of the Interior, et al*, **No. 26-11284**

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

I hereby certify as required by Circuit Rules 26.1-1 through 26.1-3 that, to the best of my knowledge, the following is a complete list of persons and entities that have an interest in the outcome of this case.

- Anderson, Christopher, counsel for Respondents

- BP Exploration & Production, Inc., Proposed Intervenor

- BP p.l.c., Parent of Proposed Intervenor

- Bureau of Ocean Energy Management, Respondent

- Burgum, Douglas, Secretary of Interior, Respondent

- Center for Biological Diversity, Inc., Petitioner

- Ellis, Angela, counsel for Respondents

- Earthjustice, counsel for Petitioners

- Giacona, Matthew, Director of Bureau of Ocean Energy Management, Respondent

- Gustafson, Adam, counsel for Respondents

- Habitat Recovery Project, Petitioner

- Hearne, Melissa A., counsel for Respondents

- Hardy, Brettny, counsel for Petitioners

- Healthy Gulf, Petitioner

*Healthy Gulf et al v. U.S. Dep't of the Interior, et al*, No. 26-11284

- Hicks, Jr., George W., counsel for Proposed Intervenor

- Jakila, A. Katrine, counsel for Proposed Intervenor

- Kirkland & Ellis LLP, counsel for Proposed Intervenor

- Lundman, Robert J., counsel for Respondents

- Nielson, Aaron L., counsel for Proposed Intervenor

- Ritter, Kristopher S., counsel for Proposed Intervenor

- Roy, Rumela, counsel for Petitioners

- Schnarch, Samuel D., counsel for Respondents

- Sierra Club, Petitioner

- Stander, Robert, counsel for Respondents

- Turtle Island Restoration Network, Petitioner

- United States Department of the Interior, Respondent

- United States Department of Justice

*/s/ Angela N. Ellis*
ANGELA N. ELLIS

*Counsel for Respondents*

C-2 of 2

*Healthy Gulf et al v. U.S. Dep't of the Interior, et al*, No. 26-11284

## INTRODUCTION

Petitioners challenge a decision by the Bureau of Ocean Energy Management (BOEM) to approve an operations plan for the Kaskida oil and gas project in the Gulf of America 190 miles from the southwest coast of Louisiana. In an order dated May 1, 2026, the Court asked the parties to "address the basis of this Court's jurisdiction" to review the approval, "including whether the petitioners have standing to challenge it." Dkt. No. 7-2.

The Outer Continental Shelf Lands Act (OCSLA) provides for review of BOEM's approval of the Kaskida operations plan "only in a United States court of appeals for a circuit in which an affected State is located." 43 U.S.C. § 1349(c)(2). OCSLA thus vests jurisdiction in an appropriate court of appeals: one that encompasses an affected state. As we explain below, BOEM's current understanding is that no affected state is within this Circuit, but BOEM has not completed its review. If no affected state is within this Circuit, this Court lacks jurisdiction.

As to standing, petitioners bear the burden to establish each element of standing as if they were moving for summary judgment in a district court. The petition does not set forth the basis for petitioners'

standing, nor is their standing self-evident. Petitioners therefore must prove their standing at an appropriate juncture, but no later than their opening brief.

## BACKGROUND

### I.    BOEM's approval of the Kaskida operations plan & petitioners' challenge

Petitioners challenge BOEM's approval of an operations plan (called a Development Operations Coordination Document) for the Kaskida project planned by BP Exploration & Production Inc.'s (BP). BP submitted the operations plan to BOEM in February 2025. The Kaskida project is located in the Keathley Canyon area 190 miles from the coast of Louisiana. *See* Dkt. No. 6 at 2; Dkt. No. 1-3 at 2. BP submitted a revised operations plan to BOEM in September 2025, and on March 13, 2026, BOEM approved the revised operations plan. Dkt. No. 1-3 at 2-3.

Petitioners brought this petition for review on April 20, 2026, asserting that BOEM's approval of the Kaskida operations plan "is arbitrary, capricious, and not in accordance with law." Dkt. No. 1-2. The petition cited no statutory provisions and provided no basis for petitioner's standing. *Id.*

2

## II.    OCSLA's four-stage process for oil and gas development and judicial review provision

Enacted in 1953, OCSLA establishes federal jurisdiction over submerged lands of the outer continental shelf (OCS), generally starting three miles from state coastlines. 43 U.S.C. § 1331 *et seq.*; Pub. L. No. 83-212, 67 Stat. 462. Congress amended OCSLA in 1978 "to provide a comprehensive framework for 'expeditious and orderly development [of the shelf], subject to environmental safeguards.'" *California v. Watt*, 668 F.2d 1290, 1296 (D.C. Cir. 1981) (quoting 43 U.S.C. § 1332(3)). That comprehensive framework set up a four-stage process: "(1) formulation of a five year leasing plan by the Department of the Interior; (2) lease sales; (3) exploration by the lessees; [and] (4) development and production." *Sec'y of the Interior v. California*, 464 U.S. 312, 337 (1984).

During the first stage, the Secretary prepares a five-year OCS oil and gas lease-sale schedule. 43 U.S.C. § 1334. At the second stage, the Secretary conducts lease sales of tracts on the OCS. After the Secretary issues a lease, a lessee may submit for approval an exploration plan (the third stage). 43 U.S.C. §§ 1340(c). If exploration is successful, at the fourth stage, the lessee may submit a development and production plan or (relevant here) an operations plan. 43 U.S.C. § 1351.

This case involves the fourth stage: BOEM's approval of BP's operations plan for the Kaskida project. OCSLA provides for direct review of that approval in the appropriate court of appeals—the "court of appeals for a circuit in which an affected State is located." 43 U.S.C. § 1349(c)(2).

## RESPONSE

### I.    OCSLA provides jurisdiction over the petition exclusively in a court of appeals that encompasses an affected state.

Judicial review of BOEM's Kaskida approval is governed by OCSLA, 43 U.S.C. § 1349(c)(2), which provides:

> Any action of the Secretary to approve, require modification of, or disapprove any exploration plan or any development and production plan under this subchapter shall be subject to judicial review only in a United States court of appeals for a circuit in which an affected State is located.

Under that provision, "[f]ederal courts of appeals have subject-matter jurisdiction to review [Interior's] approval, modification, or disapproval of plans submitted at the exploration or development and production stage." *Gulf Restoration Network v. Salazar*, 683 F.3d 158, 173 (5th Cir. 2012) (citing 43 U.S.C. § 1349(c)(2)). That jurisdiction is

4

expressly limited, however, to a court of appeals "for a circuit in which an affected State is located." 3 U.S.C. § 1349(c)(2).

The text and structure of section 1349(c)(2) suggest that the "affected state" limitation is jurisdictional. For one, unlike nonjurisdictional claims-processing rules that "impose[] requirements on litigants, not the courts," *Riley v. Bondi*, 606 U.S. 259, 277 (2025), section 1349(c)(2) speaks directly to the availability of judicial review. Further, it does so in the same provision that grants subject matter jurisdiction, unlike requirements in separate provisions that the Supreme Court has found nonjurisdictional. *See, e.g.*, *Gulf Restoration Network*, 683 F.3d at 173 (contrasting section 1349(c)(2)'s "jurisdictional grant" with nonjurisdictional exhaustion provisions of section 1349(c)(3)); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006) (observing that Title VII's nonjurisdictional numerosity requirement "appears in a separate provision that 'does not speak in jurisdictional terms.'"); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 164 (2010) (registration requirement "located in provision 'separate' from those granting federal courts subject-matter jurisdiction") (*quoting Arbaugh*, 546 U.S. at 514-15).

Moreover, section 1349(c)(2)'s use of the exclusive term "only" is a clear statement that subject-matter jurisdiction is limited to courts of appeals in a circuit that encompasses an affected state. *See Riley*, 606 U.S. at 261 ("Congress need not use 'magic words' to indicate that a rule is jurisdictional."). This provision is therefore unlike other provisions affirmatively vesting jurisdiction in "all the courts of appeal," which have been interpreted as "go[ing] to venue not jurisdiction." *Panhandle E. Pipe Line Co. v. Fed. Power Comm'n*, 324 U.S. 635, 638 (1945).

Regardless of whether section 1349(c)(2) goes to jurisdiction or venue, the statute is mandatory, and this petition can be heard only in a circuit that encompasses an affected state. OCSLA defines "affected State" as "any state" that meets any one of five criteria set out in 43 U.S.C. § 1331(f).

The petition does not identify any state in the Eleventh Circuit that is an "affected state" within the meaning of OCSLA. Nor is it clear that any state within the Eleventh Circuit meets that definition. Respondents therefore anticipate moving to dismiss or transfer venue to the Fifth Circuit Court of Appeals, which contains a state (Louisiana)

6

that plainly is an affected state within the meaning of section 1331(f). Respondents intend to make any such motion promptly.

## II.    Petitioners have not yet established standing.

As the party seeking to invoke federal jurisdiction, petitioners bear the burden to establish standing. *Georgia Republican Party v. SEC*, 888 F.3d 1198, 1201 (11th Cir. 2018) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). In the petition for review context, this Court has held that a petitioner "must prove each element of standing as if they were moving for summary judgment in a district court." *Id.* (quoting *Iowa Leage of Cities v. EPA*, 711 F.3d 844, 869 (8th Cir. 2013)); *see also id.* (observing that petitions seeking direct appellate review of agency action are "more analogous to a motion for summary judgment, 'in that both request a final judgment on the merits'").

Courts generally do not require petitioners to set forth the basis for their standing in the petition itself, but rather require "a petitioner whose standing is not self-evident to establish its standing by the submission of its arguments and any affidavits or other evidence appurtenant thereto at the first appropriate point in the review proceeding—typically its opening brief." *Clean Wisconsin v. EPA*, 964

7

F.3d 1145, 1159 (D.C. Cir. 2020) (quoting *Sierra Club v. EPA*, 292 F.3d 895, 900 (D.C. Cir. 2002)) (cleaned up); *see also, e.g., Owner-Operator Indep. Drivers Assoc. v. U.S. Dep't of Transp.*, 878 F.3d 1099 n.4 (8th Cir. 2018) (disregarding standing evidence presented in reply brief because such evidence must be provided in the opening brief). *But see Prometheus Radio Project v. FCC*, 939 F.3d 567, 579 (3d Cir. 2019) ("[P]arties may submit materials to establish standing at any time in the litigation.") *rev'd on other grounds by FCC v. Prometheus Radio Project*, 592 U.S. 414 (2021).

Here, petitioners' standing is not self-evident. *See, e.g., Ctr. for Biological Diversity v. EPA*, 937 F.3d 533, 545 (5th Cir. 2019) (environmental organizations lacked associational standing to challenge EPA permit authorizing oil and gas operations in the Gulf). They therefore must prove each element of standing through affidavits and other evidence in future submissions in support of their petition.

8

Respectfully submitted,

/s/ *Angela N. Ellis*
ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

Of Counsel:

ROBERT N. STANDER
*Deputy Assistant Attorney General*

MELISSA A. HEARNE
SAMUEL D. SCHNARCH

CHRISTOPHER ANDERSON
ANGELA N. ELLIS
*Attorneys*

Attorneys
Division of Mineral Resources
Office of the Solicitor
U.S. Dep't of the Interior

Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044

May 15, 2026
90-13-8-18130

(202) 598-7942
angela.ellis@usdoj.gov

9

## CERTIFICATE OF COMPLIANCE

1.　This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 1,498 words.

2.　This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Angela N. Ellis*
ANGELA N. ELLIS

*Counsel for Respondents*

10