No. 26-11284

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

HEALTHY GULF, HABITAT RECOVERY PROJECT, CENTER FOR
BIOLOGICAL DIVERSITY, SIERRA CLUB, and TURTLE ISLAND
RESTORATION NETWORK,
*Petitioners,*

*v.*

U.S. DEPARTMENT OF THE INTERIOR; DOUG BURGUM, in his
official capacity as Secretary of the Interior; BUREAU OF OCEAN
ENERGY MANAGEMENT, and MATTHEW GIACONA, in his official
capacity as Director of the Bureau of Ocean Energy Management,
*Respondents.*

**RESPONDENTS' TIME-SENSITIVE MOTION
TO STAY MERITS BRIEFING PENDING
RESOLUTION OF MOTION TO DISMISS OR TRANSFER**

|  |  |
|---|---|
|  | ADAM R.F. GUSTAFSON |
|  | *Principal Deputy Assistant Attorney General* |
|  | ROBERT N. STANDER |
|  | *Deputy Assistant Attorney General* |
| Of Counsel: | CHRISTOPHER ANDERSON |
|  | ANGELA N. ELLIS |
| MELISSA A. HEARNE | Attorneys |
| SAMUEL D. SCHNARCH | Environment and Natural Resources Division |
|  | U.S. Department of Justice |
| Attorneys | Post Office Box 7415 |
| Division of Mineral Resources | Washington, D.C. 20044 |
| Office of the Solicitor | (202) 598-7942 |
| U.S. Dep't of the Interior | angela.ellis@usdoj.gov |

*Healthy Gulf et al v. U.S. Dep't of the Interior, et al*, No. 26-11284

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

I hereby certify as required by Circuit Rules 26.1-1 through 26.1-3 that, to the best of my knowledge, the following is a complete list of persons and entities that have an interest in the outcome of this case.

- Anderson, Christopher, counsel for Respondents

- BP Exploration & Production, Inc., Proposed Intervenor

- BP p.l.c., Parent of Proposed Intervenor

- Bureau of Ocean Energy Management, Respondent

- Burgum, Douglas, Secretary of Interior, Respondent

- Center for Biological Diversity, Inc., Petitioner

- Ellis, Angela, counsel for Respondents

- Earthjustice, counsel for Petitioners

- Giacona, Matthew, Director of Bureau of Ocean Energy Management, Respondent

- Gustafson, Adam, counsel for Respondents

- Habitat Recovery Project, Petitioner

- Hearne, Melissa A., counsel for Respondents

- Hardy, Brettny, counsel for Petitioners

- Healthy Gulf, Petitioner

- Hicks, Jr., George W., counsel for Proposed Intervenor

- Jakila, A. Katrine, counsel for Proposed Intervenor

- Kirkland & Ellis LLP, counsel for Proposed Intervenor

- Lundman, Robert J., counsel for Respondents

- Nielson, Aaron L., counsel for Proposed Intervenor

- Ritter, Kristopher S., counsel for Proposed Intervenor

- Roy, Rumela, counsel for Petitioners

- Schnarch, Samuel D., counsel for Respondents

- Sierra Club, Petitioner

- Stander, Robert, counsel for Respondents

- Turtle Island Restoration Network, Petitioner

- United States Department of Justice

- United States Department of the Interior, Respondent

/s/ Angela N. Ellis
ANGELA N. ELLIS

*Counsel for Respondents*

*Healthy Gulf et al v. U.S. Dep't of the Interior, et al*, No. 26-11284

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 27 and this Court's Rule 27-1(b), the federal Respondents—U.S. Department of the Interior, Doug Burgum, Bureau of Ocean Energy Management ("BOEM"), and Matthew Giacona—respectfully move this Court to stay the merits briefing schedule issued on July 2, 2026, pending resolution of Respondents' motions to dismiss or transfer for lack of jurisdiction or improper venue filed on July 15, 2026. *See* Dkt. Nos. 26, 28. Staying merits briefing until this Court has determined whether jurisdiction and venue are proper conserves judicial and party resources, promotes efficiency, and may lead to a prompter resolution of this litigation. Respondents have conferred with Intervenor-Respondent BP Exploration & Production Inc. ("bp"), which consents to the requested relief. Respondents have also conferred with Petitioners, who oppose the requested relief.

Petitioners' opening brief on the merits is due **August 11, 2026**. Respondents therefore respectfully request a ruling by this Court by **July 31, 2026**. That date allows Petitioners to file a response no later than July 27, *see* Fed. R. App. P. 27(a)(3)(A)), for Respondents to file any reply

no later than July 29, and for the Court to make a determination by July 31.

## BACKGROUND

1. In this case, Petitioners seek judicial review under 43 U.S.C. § 1349(c)(2) of BOEM's approval of an operations plan (called a Development Operations Coordination Document or DOCD) submitted by Intervenor-Respondent bp for the Kaskida project, an oil and gas development in the Western Gulf of America.

2. BP submitted its operations plan to BOEM in February 2025 and an amended version on November 13, 2025. On March 13, 2026, BOEM approved the amended operations plan. Dkt. No. 1-3 at 2-3.

3. On April 20, 2026, Petitioners filed a petition for review of BOEM's approval of the operations plan, asserting that BOEM's approval "is arbitrary, capricious, and not in accordance with law." Dkt. 1-2 at 2.

4. On April 30, 2026, bp filed an unopposed motion to intervene as respondent. Dkt. 6.

5. On May 1, 2026, this Court issued a Jurisdictional Question asking the parties to "address the basis of this Court's jurisdiction to review" BOEM's approval of bp's operations plan. Dkt. 7. On May 15,

2026, Petitioners and Respondents filed responses, and bp (which had not yet been granted intervenor status) filed a motion for leave to file a response.

6.      On June 4, 2026, this Court granted bp's motion to intervene and motion for leave to file a response to the Jurisdictional Question.

7.      In their response to the Jurisdictional Question, the federal Respondents disputed that this Court can entertain this case because 43 U.S.C. § 1349(c)(2) allows judicial review of an approval by BOEM "only in a United States court of appeals for a circuit in which an affected State is located," and no "affected State" with respect to the Kaskida operations plan is in this circuit. Dkt. 10, at 4-8. The federal Respondents advised that they "anticipate moving to dismiss or transfer venue to the Fifth Circuit Court of Appeals," within which an affected State (Louisiana) lies. *Id.* at 6-7.

8.      Likewise, in its response to the Jurisdictional Question, bp disputed that this Court can entertain this case given that 43 U.S.C. § 1349(c)(2) limits judicial review to "a United States court of appeals for a circuit in which an affected State is located," and the only "affected State" with respect to BOEM's approval of bp's operations plan is

Louisiana, which is in the Fifth Circuit. Dkt. 11, at 6. BP thus advised that it would be filing "a forthcoming motion to dismiss for improper venue" explaining this Court's inability to entertain this case. *Id.*

9. The Court has not yet issued any orders regarding the Jurisdictional Question.

10. On July 1, 2026, the federal Respondents filed the administrative record. Dkt. 24. Federal Respondents filed an amended administrative record on July 15, 2026. Dkt. No. 27.

11. On July 2, 2026, the Court issued a briefing notice requiring Petitioners to file their opening brief no later than August 11, 2026. Dkt. 25. The order also provides: "The respondent's brief is due within 30 days after the service of the last petitioner's brief. The petitioner's reply brief, if any, is due within 21 days after the service of the last respondent's brief." *Id.* Assuming Petitioners file their brief on August 11, the federal Respondents' and Intervenor-Respondent bp's briefs are due no later than September 10, and, assuming filing and service of Respondents' briefs on September 10, Petitioners' reply brief is due no later than October 1.

12. On July 15, 2026—as signaled in their responses to the

Jurisdictional Question—the federal Respondents and Intervenor-Respondent bp filed motions to dismiss or transfer to the Fifth Circuit, contending that, under 43 U.S.C. §1349(c)(2), this Court lacks jurisdiction and that this Court is an improper venue. Dkt. Nos. 26, 28.

## ARGUMENT

13.     The Court should stay the merits briefing schedule issued on July 2 until it has resolved Respondents' motions to dismiss or transfer to the Fifth Circuit. It makes little sense for the parties to engage in full briefing on the merits when the Court may—and, in Respondents' view, should—dismiss this case or transfer it to the Fifth Circuit, obviating the need for the parties to brief this case on the merits in this Court. That is particularly so given the size of the administrative record in this case—over 34,000 pages of material—that the parties would be addressing on the merits.

14.     Staying briefing on the merits allows the parties and the Court to address the issues in an orderly manner. The parties will first address this Court's ability to entertain this case. If the Court determines that it can entertain the case, the parties could then proceed to briefing on the merits. If, however, the Court determines that it cannot entertain

the case, the parties will not have wasted time and resources on merits briefing in the meantime. Instead, either the case will be over, or it will have been transferred to the Fifth Circuit, where the federal Respondents will promptly file the administrative record and the parties can promptly proceed to merits briefing.

15. Declining to stay merits briefing pending resolution of the motions to dismiss or transfer raises the specter of the parties devoting significant time and resources to merits briefing, all of which could be unnecessary if the Court determines that it cannot entertain the case.

16. This orderly process also comports with the Court's frequent admonition that "'[w]e have a threshold obligation to ensure that we have jurisdiction to hear an appeal, for without jurisdiction we cannot proceed at all in any cause.'" *Peden v. Stephens*, 50 F.4th 972, 977 (11th Cir. 2022) (quoting *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022)); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (noting that "[t]he requirement that jurisdiction be established as a threshold matter … is inflexible and without exception"). This obligation extends to petitions for review filed directly in this Court. *See, e.g., Guillen v. U.S. Att'y Gen.*, 910 F.3d 1174, 1179 (11th Cir. 2018).

Initial briefing of the "threshold" question whether this Court can even entertain this case—only then followed by separate merits briefing if the Court concludes that it can—is thus consistent with settled practice and case law.

Should the Court deny the motions to dismiss or transfer, the Court can promptly order the resumption of merits briefing at that time.

## CONCLUSION

For the foregoing reasons, the Court should stay the merits briefing schedule in this case until resolution of Respondents' motions to dismiss or transfer. The federal Respondents respectfully request a ruling on this motion by July 31, 2026.

.

Respectfully submitted,

/s/ *Angela N. Ellis*
ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

Of Counsel:                                    ROBERT N. STANDER
                                               *Deputy Assistant Attorney General*
MELISSA A. HEARNE                              CHRISTOPHER ANDERSON
SAMUEL D. SCHNARCH                             ANGELA N. ELLIS
                                               *Attorneys*
Attorneys                                      Environment and Natural Resources
Division of Mineral Resources                  Division
Office of the Solicitor                        U.S. Department of Justice
U.S. Dep't of the Interior                     Post Office Box 7415
                                               Washington, D.C. 20044
July 16, 2026                                  (202) 598-7942
90-13-8-18130                                  angela.ellis@usdoj.gov

*Healthy Gulf et al v. U.S. Dep't of the Interior, et al*, No. 26-11284

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,295 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Angela N. Ellis*
ANGELA N. ELLIS

*Counsel for Respondents*
